# EXHIBIT T

Exhibit 3

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

AMANDA LAWSON-ROSS
and TRISTIAN BYRNE,

     *Plaintiffs,*

v.                                CASE NO. 1:17-CV-253-MW/GRJ

GREAT LAKES HIGHER
EDUCATION CORP.,

     *Defendant.*

_____/

**ORDER DIRECTING PARTIES TO FILE SUPPLEMENTAL BRIEFS**

This Court has received and reviewed Defendant's motion to dismiss and the parties' additional briefing. ECF Nos. 26, 29 & 30. A threshold issue in this dispute involves federal preemption; specifically, whether Plaintiffs' claims are preempted by the federal law stating that "[l]oans made, insured, or guaranteed pursuant to a program authorized by Title IV of the Higher Education Act of 1965 shall not be subject to any disclosure requirements of any State law." 20 U.S.C. § 1098g; *see also* 34 C.F.R. § 682.205 (listing disclosure requirements for lenders).

In March 2018, approximately one and one-half months after Plaintiffs filed their First Amendment Complaint, ECF No. 24, the Secretary of the Department of Education issued an interpretive ruling relating to federal

1

preemption under 20 U.S.C. § 1098g. *See* Federal Preemption and State Regulation of the Department of Education's Federal Student Loan Programs and Federal Student Loan Servicers, 83 Fed. Reg. 10619-01, 2018 WL 1240656 (Mar. 12, 2018). This interpretive ruling directly addresses the preemption issue present in this case. *Id*. at 10621.

Defendant has requested this Court take notice of the Department of Education's interpretive ruling. ECF No. 30. When an agency has authoritatively interpreted its own rule, courts have generally deferred to those interpretations unless "plainly erroneous or inconsistent with the regulation." *Auer v. Robbins*, 519 U.S. 452, 461 (1997) (internal quotation marks omitted). At a minimum, this Court takes notice of the Department's interpretive ruling.

The parties are directed to file supplemental briefings that address (1) the deference due to the Department of Education's interpretive ruling and (2) the substance of the Department of Education's interpretive ruling, including, but not limited to, the interpretation that the Department gives to "disclosure requirements." *See* 83 Fed. Reg. 10619-01, at 10621 ("The Department interprets 'disclosure requirements' under section 1098g of the HEA to encompass informal or non-written communications to borrowers as well as reporting to third parties such as credit reporting bureaus.").

The Defendant has briefly discussed the applicability of the interpretive ruling in its request for this Court to take notice of it. The Defendant should be prepared to develop on its analysis. Moreover, the Plaintiffs have not been given an opportunity to address the interpretive ruling. The parties shall file their supplemental briefs on or before June 11, 2018.

**SO ORDERED on May 28, 2018.**

                                            **s/Mark E. Walker            **
                                            **United States District Judge**